IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **MERRILL LYNCH BUSINESS** | : | |
| **FINANCIAL SERVICES, INC.,** | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | 5:04-CV-286 (WDO) |
| | : | |
| **COOK ICE COMPANY, INC., IVEY** | : | |
| **COOK and JEFF COOK,** | : | |
| | : | |
| Defendants | : | |

**ORDER**

***Factual and Procedural Background***

On November 15, 1999, Plaintiff Merrill Lynch and Cook Ice Company entered into an agreement pursuant to which Plaintiff agreed to extend a line of credit to Cook Ice in the maximum amount of $100,000. Plaintiff and Cook Ice also entered into a security agreement to extend a second line of credit in an amount up to $650,000. On that same date, Plaintiff and Defendant Jeff Cook and Defendant Ivey Cook entered into an Unconditional Guaranty agreement whereby the Cooks guaranteed payments under the aforementioned loans. The Cooks also agreed to pay all reasonable costs and expenses, including court costs and attorney's fees paid or incurred by Plaintiff, to enforce the Guaranty.[1]

From November 15, 1999 to November 20, 2002, Plaintiff advanced funds to Cook

---

[1] R. at 18, Ex. A, B, C.

Ice on numerous occasions in amounts up to the limits set forth in the loan agreements. On November 20, 2005, the first loan balance was $106,237.96, resulting in a $6,237.96 overdraft over the maximum line of credit. On that same date, the second loan balance was $396,668.28, resulting in a $9,760.28 overdraft over the maximum line of credit.

By letter dated November 21, 2002, Plaintiff demanded that Cook Ice make deposits to cure the overdrafts by December 2, 2002.[2] The overdrafts were not timely cured. By letter dated January 29, 2003[3], Plaintiff notified Cook Ice and the Cooks that the loans were in default, that the agreements were terminated and that amounts due under the loans had been accelerated and were immediately due and payable. The letter demanded payment in full of both loans by February 6, 2003.

On February 7, 2003, Plaintiff, the Cooks and Cook Ice entered into a Forbearance Agreement pursuant to which Plaintiff agreed to allow the Cooks and Cook Ice to repay the outstanding balances of the loans over time.[4] The Forbearance Agreement included the following pertinent terms: an acknowledgment that the loans and guaranty are legal and binding contracts; an acknowledgment that one or more defaults had occurred; that Plaintiff had sent default notices to Defendants; that the defaults had not been cured; an admission that $506,443.54 remained due; and an admission that the Cooks and Cook Ice have no defenses, counterclaims or rights of setoff which would affect Plaintiff's ability to enforce the loan agreements or guaranty. The Agreement further provides that upon default

---

[2]R. at 18, Ex. D.

[3]R. at 18, Ex. E.

[4]R. at 18, Ex. F.

Plaintiff may file a lawsuit against the Defendants for all amounts owned and that Defendants may not contest any entry of judgment for the amount due should it be pursued by Plaintiff.

Since February 6, 2003, interest has been accruing on the amounts due at a variable interest rate. Periodic payments have been made on both loans. As of January 31, 2005, $27,933.00 has been paid on the first loan and $66,475.00 has been paid on the second loan. Monthly interest payments have not been paid every month and some interest has been capitalized as part of the principal. As of January 31, 2005, $473,286.16 in principal and interest remains due and owing, amounting to $88,099.33 in principal and $559.10 in interest on the first loan and $382,218.83 in principal and $2,408.90 in interest on the second loan.

Plaintiff Merrill Lynch filed this lawsuit against Defendants pursuant to the above agreements asserting the following counts: Count One - Breach of Contract on the first loan by Cook Ice; Count Two - Breach of Contract on the second loan by Cook Ice; and Count Three - Breach of Contract on the Unconditional Guaranty by Jeff Cook and Ivey Cook. Plaintiff filed a motion for summary judgment on Count Three.[5] Defendants Jeff Cook and Ivey Cook have not filed a response to the motion, presumably pursuant to their stipulation in the Forbearance Agreement to not contest an entry of judgment against them for the amounts due under the agreements. Because the parties are of diverse citizenship

---

[5]Defendant Cook Ice has filed a Chapter 11 bankruptcy petition and Plaintiff therefore may not pursue any claims against Cook Ice. However, Plaintiff may proceed against the guarantors as they are not protected by the automatic stay. See In re Singley, 233 B.R. 170 (Bkrtcy.S.D.Ga. 1999); 11 U.S.C. § 1301).

and the amount in controversy exceeds $75,000, the Court finds that it has diversity jurisdiction over the Plaintiff's claims.[6]

**Count Three - Unconditional Guaranty**

Count Three pertains to Defendant Ivey Cook's and Defendant Jeff Cook's guaranty of the loans extended by Plaintiff to Defendant Cook Ice. The loan documents provided that the agreements and any dispute arising therefrom would be construed according to Illinois law. The Court will therefore address Plaintiff's claims pursuant to applicable Illinois contract law.

"A guarantor's liability is determined from the guaranty contract, which is interpreted under general principles of contract construction." Bank of America Nat. Trust and Sav. Ass'n v. Schulson, 714 N.E.2d 20, 24 (Ill. App. 1999)(citations omitted). "An unambiguous contract must be enforced as written." Id.. A valid contract is comprised of the following elements: the existence of a contract, the plaintiff's performance of all contractual conditions required of him or her, the defendant's breach of the contract and damages that resulted from the breach. Finch v. Illinois Community College Bd., 734 N.E.2d 106, 110 (Ill. App. 2000)(citations omitted). "When reviewing a contract, a court must consider the contract as a whole and must determine the intent of the parties." Id.

In this case, the loan agreements and guaranty are valid, enforceable contracts. Plaintiff Merrill Lynch performed all of its contractual conditions required by extending the

---

[6]Plaintiff Merrill Lynch is a Delaware corporation with its principal place of business in Illinois. Defendant Cook Ice is a Georgia corporation with its principal place of business in Washington County, Georgia. Defendants Ivey Cook and Jeff Cook are citizens of Georgia and residents of Washington County, Georgia. The amounts due on the loans exceed $400,000.00.

credit and funds provided for in the loan documents. Defendants Jeff Cook and Ivey Cook have breached the contract by their failure to make the payments as specified in the agreements. Further, Plaintiff has proven damages as a result of their breach. Because Plaintiff Merrill Lynch has proven the existence of a valid, enforceable contract and Defendants Jeff Cook and Ivey Cook have consented to an entry of judgment for the amounts due under the agreements, Plaintiff's Motion for Summary Judgment ON COUNT THREE is HEREBY GRANTED. Plaintiff may file a separate motion for costs and attorney's fees, supporting the same with affidavits showing the amounts requested are reasonable.

The Court has been advised that Defendant Cook Ice filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court, Middle District of Georgia, Case No. 04-53906jdw, which under § 362(a) of the Bankruptcy Act (11 U.S.C. § 362) operates as a stay of Plaintiff's claims against Defendant Cook Ice.

IT IS THEREFORE ORDERED that the Clerk of Court close this case for statistical purposes and

IT IS FURTHER ORDERED that the Court shall retain jurisdiction over the case and the case shall be restored to the docket upon motion by any party if circumstances change the action. This order shall not prejudice the rights of Plaintiff Merrill Lynch or Defendant Cook Ice.

**SO ORDERED this 18th day of May, 2005.**

**s/Wilbur D. Owens, Jr.**
**WILBUR D. OWENS, JR.**
**UNITED STATES DISTRICT JUDGE**